**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RENE MARQUEZ-HUERTA,

          Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 08-72912

Agency No. A095-663-372

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

    Rene Marquez-Huerta, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review de novo claims of

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional violations in immigration proceedings, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

Marquez-Huerta's contention that the agency's application of the ten-year continuous physical presence requirement violated his due process rights is unavailing. *See Padilla-Padilla v. Gonzales*, 463 F.3d 972, 978-79 (9th Cir. 2006).

Marquez-Huerta's contention that he was denied a full and fair hearing is unavailing because he failed to demonstrate that additional testimony may have affected the outcome of the proceedings. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted) (requiring prejudice to prevail on a due process challenge).

We do not consider Marquez-Huerta's contentions regarding hardship and moral character because his failure to establish continuous physical presence is dispositive. *See* 8 U.S.C. § 1229b(b)(1)(A).

**PETITION FOR REVIEW DENIED.**